UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONNIE DAVENPORT, | ) |
| Petitioner, | ) |
| v. | ) Cause No. 3:06-CV-248 AS |
| JOHN VANNATTA, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This case is before the court on Ronnie Davenport's Petition for a Writ of Habeas Corpus filed on April 12, 2006. Davenport's motion asks the court to allow him to file a successive petition, or to grant him a certificate of appealability. Davenport seeks to challenge a denial of credit time for earning an educational degree.

It is clearly established that a person convicted pursuant to the judgment of a state court may bring only one application for federal collateral relief.  28 U.S.C. § 2244(b)(1); *Felder v. McVicar*, 113 F. 3d 696, 698 (7th Cir. 1997); *Benton v. Washington*, 106 F. 3d 162, 163 (7th Cir. 1997); *Nunez v. Washington*, 96 F. 3d 990, 991 (7th Cir. 1996).  Even if the claims in the second petition are different than those in the first petition, 28 U.S.C. §2244(b)(2) states,

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-

>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In this case Davenport is challenging his sentence. However, it is unclear if this is a successive petition. Davenport does not state any information regarding previous petitions for writ of habeas corpus, either filed in this court, or any other federal court.  If his petition is a successive petition, and in the absence of the Court of Appeal's authorization of this successive petition, this Court would have no choice but to dismiss the petition. Accordingly, the motion to file a successive petition is **DENIED**. (DE 1). The clerk is directed to send the petitioner a blank petition for writ of habeas corpus. Davenport is granted until May 26, 2006 in which to file the petition, which must include this cause number 3:06-CV-248 AS, and be marked "Amended".

SO ORDERED.
ENTERED: April 18, 2006

>                S/ ALLEN SHARP
> ALLEN SHARP, JUDGE
> UNITED STATES DISTRICT COURT